Judge Underwood,
delivered the opinion of the. court.
We are satisfied from the proof in the case, that the money collected by Porter, on account of the legacy to Mrs. Bosley, ought to have been applied first to the discharge of the notes executed by the complainant, now plaintiff, and then to the discharge of the note and account of Mrs. Bosley. We are, therefore, of opinion, that the court erred in not perpetuating the injunction for the. whole amount injoined, if any relief was granted. The defendant, Porter, docs not deny the allegation, that the goods were charged at their prices in commonwealth’s bank notes, worth only half their nominal amount, and ho admits he was to to wait or not require payment until it was ascertained whether the legacy could be collected. Redid collect it inpetr funds. The settlement should have been made in the following manner. The amount received on account of the legacy, should have been credited at its value, in notes on the hank of the commonwealth, at the time it was-received by Porter. After paying the notes executed by the. complainant, the balance should have been applied to the extinguishment of the demands againstMrs. Bosley. Porter should not be allowed the costs of the warrants, because he sued on Bosley’s no'.e wrongfully.
The principles which have induced to the foregoing • conclusions, are so well settled, and their application lo the facts so direct, that it was deemed unnecessary to refer to authorities. We shall only remark, that a creditor is bound to apply money received in payment, as direeled by the debtor. The creditor can only exercise a discretion when the debtor has been silent, or where there has been no agreement as to the appropriation of the money in a particular manner. The chancellor had jurisdiction under the principles recognized in Whittington vs. Roberts, IV Mon. 175. But it seems that the process was never executed on the defendant Johnson, the partner of Porter, and in whose name jointly with Porter, the judgments against Bosley were ren-. *622 dered. Johnson was a necessary party, and the court ought not (o have perpetuaied ihe injunction without caused him to he brought befo.e ¡he court. If the complainant would not do it, his hill should have been dismissed without prejudice. It may he said, as the court ought to have d .«missed the hi,l without prejudice, because Johnson was not a party, that it does not lie in the mouth of Bosley to ccmplain of the decree as it now stands Not so. Regarding the decree as an attempt to dispense equity upon the tacts proved in respect to Porter, it does not go far enough. It stops short of the full measure of relief to which he was entitled and leaves him-in a situation in which he never can obtain it, if the decree remains unaltered. This consequence resulting from the error of the court, cannot be tolerated, although it was the fault of the complainant in not making Johnson a party by the service of process.
Mills and Brown, for plaintiff.
The decree must therefore, be reversed, and the cause remanded, when the court must dismiss the bill without prejudice for want of proper parties; or give time to bring Johnson before the court, and to take, when he appears, such steps as shall be proper to bring the cause to a trial on ils merits; when such decree may be rendered as the additional proof if any, shall render proper.
No recovery for costs is allowed.